## James M. Jones and another v. Strother M. Beeson.

*Evidence: Matters equally within knowledge of deceased.* In a suit brought by an administrator questions relating to payment made after suit brought or at the commencement of suit, or to a payment made to agents of the deceased, are not within the provision of the statute (*Comp. L. 1871, § 5968*) excluding evidence of matters equally within the knowledge of the deceased.

*Evidence: Matters equally within knowledge of deceased.* Questions, in order to fall within that objection, must be distinctly aimed at such matters as appear affirmatively to have been within the knowledge of the deceased; and in case of questions that relate to matters that may or may not have been known to the deceased, the proper course, on objection being made, is to require them to be so limited as to avoid the difficulty.

*Submitted on briefs April 3.     Decided April 17.*

Error to Berrien Circuit.

This suit was brought in justice's court by defendant in error, as administrator of the estate of William B. Beeson, deceased. The defense having been excluded by the justice, judgment passed for the plaintiff, and defendants removed the cause by *certiorari* to the circuit, where the judgment of the justice was affirmed. Defendants thereupon brought error.

*Cholwell Knox,* for plaintiffs in error.

*E. Bacon,* for defendant in error.

CAMPBELL, J :

Suit was brought before a justice of the peace, upon a note in favor of William B. Beeson, deceased, and on the defense it was sought to introduce evidence of payment by one of the defendants. Several questions were put and all ruled out. One of them related to payment made since suit brought or at the commencement of suit, and one was directed to a payment made to agents of the deceased. All the questions were ruled out as relating to matters equally within the knowledge of witness and decedent.

JONES *v.* BEESON.

These questions, in order to fall within that objection, should be distinctly aimed at such matters as were objectionable. No question on the record appears affirmatively to have been of such a character. Some of them might possibly have related to such transactions, and might, upon an objection, have been required to be limited so as to avoid the difficulty. Several questions could not possibly have been within the prohibition of the statute.

The court below should not have affirmed the judgment.

The judgment of the circuit court, affirming the justice's judgment, must be reversed, and the judgment of the justice reversed, with costs of all the courts.

The other Justices concurred.